UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

UNITED STATES

V                                          No. 1:10-cr-53
                                           Judge Collier

DOUGLAS CLEAVON BRYANT

MEMORANDUM IN SUPPORT OF OBJECTION TO
CAREER CRIMINAL ENHANCEMENT

Defendant Cleavon Bryant has filed objections to his pre-sentence report and proposed guideline sentence as set out in the report.

Defendant is not properly classified as a Career Offender

In the pre-sentence report, one prior state court robbery case and a Federal Drug case are used as the predicates for the enhancement. Included in this sentencing also is the revocation of the supervised release filed on the Federal Drug case. First, the predicate offence of robbery is too remote to be properly counted in as to the initiating predicate offence. The crime was committed in 1996 when Defendant was 23 years old. The remoteness and the effect of the offence itself in now improper and will create a sentence much beyond that envisioned by Congress and the Sentencing Commission when the enhancement was initially proposed. The remoteness of this initial conviction should allow the court to consider the effect as set out and the drastic effect towards Defendant based on the enhancement.

The Court has the Ability to Disagree with the Enhancement simply on policy grounds.

Here, Defendant is charged with the possession of a controlled substance, the initial guideline range being 12. There are no violence or weapon enhancements included in the guideline, and but for the Career Offender increase, Defendant would be a guideline 12, criminal history V. If sentenced after November 1, this should drop to criminal history IV. This si not, of course, including the additional sentencing that the court may give for the violation of supervised release that is also to be heard with this sentencing.

Under Booker and the provisions in 3553(b), the Court is to sentence a Defendant to a sentence that is sufficient but not greater to satisfy the sentencing purposes; this means that the court may sentence below on a policy basis rather than be clearly and totally bound by the Career offender category.

In US v Sain, 2009 WL 1957485 (ED Michigan, July, 2009), and U.S, v Moreland, 2008 WL 904652, (SD W.Va., 2008)   Both Courts found that because the initial offences were over ten years old and lacked temporal recency to the pending offence, that they found that sentencing below the guideline range was sufficient punishment rather than the entire Career offender range as set out in the pre-sentence report .

See also U.S. v Harris, 2008 WL 2228526, (ED Va., May, 2008) for the same review as to the excessive sentencing policy. The Sixth Circuit itself has dealt with the sentencing provisions in U.S. v Funk, 05-3708 (6th Circuit, July 22, 2008), in which the Department of

Justice set out its position that the Career Offender status was not mandatory and that the status did not bind the Federal Courts in sentencing. As the Court knows, this case led to a reversal, a re-hearing and a final dismissal of the appeal by the United States, leaving the original actions of the sentencing court intact. Policy disagreements are themselves now proper in sentencing.

Probably the best opinion dealing with the Court's ability and duty to depart from career offender recommendation in <u>U.S. v Moreland</u>, 2008 WL 904652, where Judge Goodwin goes beyond the set out range and looks to the individual person before him, the nature of the offence and the sentence that he felt was necessary and proper to deal with for this particular Defendant, which was below the recommendation here.

This Court is in unusual position for Mr. Bryant. He was really not smart in his actions, still effected by drugs and having serious social difficulties. However, the sentence for which he pled has no mandatory minimum. He does, however, face the revocation sentence for the balance of his supervised release. In this situation, life imprisonment is simply not justified for his additional offence and stupid behavior.

Here, a proper sentence would be the guideline range for the possession sentence, his revocation sentence and for the Court to find that the additional sentencing based on the Career Criminal guideline is excessive, harsh, unnecessary and acts in violation of the spirit of the provisions set out in 18 USC 3553 (a).

Respectfully submitted,

*/s/ Charles P. Dupree*
Charles P. Dupree
Tenn, Bar No. 2177
Counsel for Defendant
1000 Market Street
Chattanooga, Tn 37402
(423) 756-1841

Service is Certified by electronic filing on October 26, 2010  */s/ Charles P. Dupree*